UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

---

MOHSEN MAHDAWI,

                Petitioner,

    -against-

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PATRICIA HYDE, IN HER OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; VERMONT SUB-OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; AND PAMELA BONDI, IN HER OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL,

                Respondents.

Case No. 2:25-cv-00389

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

---

## INTRODUCTION

As discussed in the Petition in this matter, Petitioner Mohsen Mahdawi is a lawful permanent resident of the United States (otherwise known as a "green card" holder) on the pathway to naturalization. He has held a green card for the past ten years. He was just arrested at the conclusion of his naturalization interview. This case concerns the government's retaliatory and targeted detention and attempted removal of Mr. Mahdawi for his constitutionally protected speech.

To preserve the Court's jurisdiction in this matter, Petitioner moves for an immediate Temporary Restraining Order ("TRO") ordering that the government not move him out of this

1

District pending further order of the Court.

## FACTUAL BACKGROUND

Mr. Mahdawi was born and raised in a refugee camp in the West Bank, where he lived until he moved to the United States in 2014. Mr. Mahdawi recently attended Columbia University, and he intends to return for a master's degree in fall of 2025. As a student at Columbia, Mr. Mahdawi was an outspoken critic of Israel's military campaign in Gaza and an activist and organizer in student protests on Columbia's campus until March of 2024, after which he took a step back and has not been involved in organizing. (Pet. at ¶ 2.)

On April 14, 2025, Mr. Mahdawi was arrested and detained by agents from the Department of Homeland Security ("DHS") when he attended his naturalization interview, despite the fact that he is a lawful permanent resident. (Pet. at ¶ 3.) Mr. Mahdawi's unlawful arrest and detention comes after Respondents adopted a policy ("the Policy") on or before March 8, 2025, to retaliate and punish noncitizens for their speech and expressive conduct related to Palestine and Israel. Under the Policy, Respondent Marco Rubio, the Secretary of State, has unilateral power to issue determinations ("Rubio Determinations") that the presence or activities in the United States of individuals who protested or were outspoken critics of Israel would have potentially serious foreign policy consequences and would compromise a compelling United States foreign policy interest. Based on these determinations, the Department of Homeland Security would seek to detain and deport these individuals. (Pet. at ¶ 4.) It appears that Respondents seek to base Mr. Mahdawi's removal on the Rubio Determination and Section 237(a)(4)(C)(i) of the Immigration and Nationality Act, a rarely-used provision that Respondents recently used to detain another lawful permanent resident, Mahmoud Khalil, for similar speech. (Pet. at ¶ 5.) Prior to and following Mr. Mahdawi's detention, the government has made clear that it intends to retaliate and

punish individuals such as Mr. Mahdawi who advocated for ceasefire and ending the bloodshed in Gaza.

## ARGUMENT

Courts recently faced with habeas petitions by individuals detained by ICE in retaliation for protected speech have ordered that a Petitioner not be removed from the United States unless and until the Court issues a contrary order, and sometimes that a Petitioner not be moved outside the District in which the petition is filed until the Court issues a contrary order. *See*, *e.g.*, *Ozturk v. Trump*, ___ F. Supp.3d ___, Case No. 25-cv-10695-DJC, 2025 WL 1009445, at *2 (D. Mass. April 4, 2025); *Suri v. Trump*, Case No. 1:25-cv-480, 2025 WL 914757, at *1 (E.D. Va. March 20, 2025). In at least one prior such case, the Government appears to have responded in effect that the order could not be followed because they had <u>already</u> moved the Petitioner outside of the District prior to the order being issued. *See Ozturk*, 2025 WL 1009445, at *2. And in at least two such cases, including that of the abovementioned lawful permanent resident, Mahmoud Khalil, the Government has sought to change venue of the petition to the district in which the petitioner is then incarcerated, which in both cases was the Western District of Louisiana—although the District Courts have denied the Government's request in both cases. *See Ozturk*, 2025 WL 1009445 at *11; *Khalil v. Joyce*, ___ Supp. 3d ___, 25-CV-1935, 2025 WL 849803 (S.D.N.Y. March 19, 2025),

Accordingly, Petitioner moves that this Court, to preserve its jurisdiction over the petition pursuant to the All Writs Act, 28 U.S.C. § 1651 (*see F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)), and immediately order that Mr. Mahdawi not be removed from the United States, or moved outside of the territory of the District of Vermont, pending further order of this Court.

As set out in the Petition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2241, Article I, §9, cl. 2 (the Suspension Clause) and Article III of the U.S.

Constitution, the Administrative Procedure Act, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 (Declaratory Judgement). It is appropriate for the Court to preserve such jurisdiction by ordering that the Petitioner remain in this district pending further action by the Court.

DATED April 14, 2025 at Barre, Vermont.

Respectfully submitted,

/s/ Andrew Delaney
Andrew B. Delaney
andrew@mdrvt.com
MARTIN DELANEY & RICCI LAW GROUP
100 North Main Street
Barre, Vermont 05641
P: 802-479-0568

Luna Droubi*
Beldock Levine & Hoffman, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5820
F: (212) 277-5880

Cyrus D. Mehta*
David A. Isaacson**
Cyrus D. Mehta & Partners PLLC
One Battery Park Plaza, 9th Floor
New York, New York 10004
P: 212-425-0555
F: 212-425-3282

*Attorneys for Petitioner*

*Motion for admission pro hac vice forthcoming
**Motion for admission pro hac vice forthcoming, and general admission under LR 83.1(a) scheduled for April 21, 2025

4