**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

MOHSEN MAHDAWI,

*Plaintiff-Petitioner*,

v.

Case No. 2:25-cv-00389-GWC

DONALD TRUMP, et al.

*Defendants-Respondents*

**MOTION OF OVER 100 IMMIGRATION LAWYERS, LAW PROFESSORS, AND
SCHOLARS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
PETITIONER'S MOTION FOR IMMEDIATE RELEASE**

Proposed *amici curiae* are over 100 immigration lawyers, law professors, and scholars who respectfully move for leave to file an *amici curiae* brief in this case in support of the Petitioner's motion for a temporary restraining order.[1] The proposed *amici* brief is attached as Exhibit 1; it includes data and analysis that is not covered by the parties. The Petitioner consents to this motion. Undersigned counsel contacted Respondents' attorney, Michael Drescher, on April 21, 2025. Mr. Drescher stated that Respondents do not object to the motion.

## INTEREST OF AMICI CURIAE

*Amici curiae* are over 100 leading lawyers, law professors, and scholars who practice, write about, research, and teach immigration law.[2] *Amici* collectively have many centuries of experience representing individuals at all stages of their immigration proceedings and in federal court. Regardless of their differing views on recent campus protests and the war in the Middle East, *amici* are united (1) in finding that the government's reliance on 8 U.S.C. § 1227(a)(4)(C)(i) to deport a lawful permanent resident for political speech appears to be unprecedented as of early March 2025; and (2) in concluding that 8 U.S.C. § 1227(a)(4)(C)(i) is unconstitutional.

*Amici* have a strong interest in the outcome of this case. Allowing the federal government to target immigrants based on 8 U.S.C. § 1227(a)(4)(C)(i) will have devastating effects on immigrants, including lawful permanent residents; will upend the practice of immigration law;

---

[1] No counsel for any party has authored this brief in whole or in part, no party or party's counsel contributed money that was intended to fund preparing or submitting this brief, and no person other than *amici* or their counsel contributed money intended to fund preparing or submitting this brief.

[2] A list of *amici* is set forth in Appendix II of the proposed *amicus* brief. The positions taken in this brief are those of *amici* alone and should not be attributed to any institution with which *amici* are or have been affiliated.

and will chill protected First Amendment speech not just on campuses but in communities nationwide.

## ARGUMENT

This Court has broad discretion to grant proposed *amici*'s request to file an amicus brief in this case. While the Local Rules of this Court "do not provide for the filing of briefs as amicus curiae, this court has authorized such filings when the individual or entity seeking to file the brief requests the leave of the court to do so in accordance with Rule 29 of the Federal Rules of Appellate Procedure." *Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-CV-230, 2015 WL 13979688, at *3 (D. Vt. Sept. 14, 2015). This Court has also recognized that district courts have "inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure.'" *Given v. Rosette*, No. 15-CV-101-JGM, 2015 WL 5177820, at *2 (D. Vt. Sept. 4, 2015) (quoting *Jin v. Ministry of State Sec.,* 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). Consistent with Fed. R. App. 29, a motion in the district court for leave to file an amicus brief should "state (1) the movant's interest, and (2) the reason why an amicus memorandum is desirable and why matters asserted are relevant to the disposition" of the matter before the Court. *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, No. 1:11-CV-99 JGM, 2011 WL 1883040, at *3 (D. Vt. May 17, 2011).

Proposed *amici* respectfully submit that they meet the standard for leave to file their proposed *amicus* brief. Proposed *amici* have a strong "interest" in the fair and correct application of immigration law in this case. The proposed amicus brief highlights the unprecedented nature of the government's reliance on 8 U.S.C. 1227(a)(4)(C)(i) to deport a lawful permanent resident for political speech, drawing on *amici*'s vast collective experience. Based on publicly available data from the Executive Office of Immigration Review (EOIR) and published Board of

Immigration Appeals (BIA) decisions, the proposed *amicus* brief demonstrates that, out of 11.7 million cases, DHS has invoked INA § 241(a)(4)(C)(i) or INA § 237(a)(4)(C)(i) as a removal charge in *only fifteen cases* prior to early March 2025. In just seven of these fifteen cases, the foreign policy deportability ground was the only charge alleged throughout the proceeding. Only four individuals ever were ultimately ordered removed or deported after being charged with removability under this ground. That means, essentially one person ordered removed *per decade* under this provision prior to early March 2025. What's more, nearly all of these cases arose in the distant past, shortly after the provision was enacted. Focusing on the last 25 years up through early March 2025, the EOIR data reflects that INA § 237(a)(4)(C) has been invoked only *four times*, and *only twice* has it been the only charge alleged throughout the proceeding. In light of this data, it may well be that the case of Mr. Mahdawi, like that of Mahmoud Khalil and Yunseo Chung (two other lawful permanent residents who were charged with the foreign policy deportability ground in March 2025), is unprecedented in the history of this provision and in the history of the United States.

Additionally, the proposed *amicus* brief elaborates on the arguments that Section 1227(a)(4)(C) is unconstitutional. Specifically, the brief argues that this deportability ground is facially invalid under the void-for-vagueness doctrine, deprives noncitizens of a meaningful opportunity to be heard in violation of due process, and violates the First Amendment. *Amici* include scholars who have written extensively about the void-for-vagueness doctrine and other due process issues in the immigration context, as well as immigrants' First Amendment rights. Amici have also personally observed the chilling effects on their campuses following the arrests of Mahmoud Khalil, Yunseo Chung, and Mohsen Mahdawi.

The proposed *amicus* brief offers non-duplicative insights into the foreign policy deportability ground and its use to arrest and detain a permanent resident for political speech, beyond that submitted by the parties. It explains the impact a potential holding might have on other groups, drawing on the particular expertise of proposed *amici*. Proposed *amici*'s unique additional data and legal analysis may assist the Court.

## CONCLUSION

The proposed *amici* respectfully request that the Court grant this motion for leave to file an *amicus* brief and accept the accompanying proposed brief (Ex. 1) for filing.


DATED: April 22, 2025                    /s/ Brett Stokes
                                         Brett Stokes
                                         Director, Center for Justice Reform Clinic
                                         Assistant Professor of Law
                                         Vermont Law and Graduate School
                                         P.O. Box 1404
                                         Burlington, VT 05402
                                         Tel: (802) 540-0398, ext. 102
                                         bstokes@vermontlaw.edu
                                         (in his individual capacity)

                                         Elora Mukherjee
                                         Jerome L. Greene Clinical Professor of Law
                                         Columbia Law School
                                         Morningside Heights Legal Services, Inc.
                                         435 W. 116th Street, Room 831
                                         New York, NY 10027
                                         Tel: (212) 854-4291
                                         emukherjee@law.columbia.edu
                                         (in her individual capacity)

                                         Fatma Marouf
                                         Professor of Law
                                         Texas A&M School of Law
                                         307 W. 7th St. Suite LL50
                                         Fort Worth, TX 76102
                                         Tel: (817) 212-4123
                                         fatma.marouf@law.tamu.edu

(in her individual capacity)


Amber Qureshi
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Tel: (443) 583-4353
amber@qureshilegal.com

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Tel: (310) 825-1029
arulanantham@law.ucla.edu
(in his individual capacity)

Adam Cox
Robert A. Kindler Professor of Law
NYU School of Law
40 Washington Sq. South
New York, New York 10012
Tel: (212) 992-8875
adambcox@nyu.edu
(in his individual capacity)

*Counsel for Proposed Amici Curiae*[3]

---

[3] This amicus brief does not purport to present the institutional views of the schools with which the preparers of this amicus brief are affiliated.

**Certificate of Service**

I certify that on April 22, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States District Court for the District of Vermont. To the best of my knowledge, all participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

 /s/ Brett Stokes
Brett Stokes
Director, Center for Justice Reform Clinic
Assistant Professor of Law
Vermont Law and Graduate School
P.O. Box 1404
Burlington, VT 05402
Tel: (802) 540-0398, ext. 102
bstokes@vermontlaw.edu
(in his individual capacity)

*Counsel for Amici Curiae*