UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 APR 24 AM 8: 10

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| MOHSEN MAHDAWI, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:25-cv-389 |
| DONALD J. TRUMP, et al., | ) |
| Respondent. | ) |

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER**

On April 14, 2025, agents of the Department of Homeland Security arrested Petitioner Mohsen Mahdawi in the course of his citizenship interview at the United States Customs and Immigration Service office in Colchester, Vermont. (Doc. 19-2 ¶¶ 30–34.) He holds permanent residence status in the United States and is a full-time undergraduate student at Columbia University. (*Id.* ¶¶ 2, 7; *Id.*, Ex. 2.) The Homeland Security Investigation ("HSI") agents transported Mr. Mahdawi to the Patrick Leahy Burlington International Airport and advised him that he would be flown that day to Louisiana. (*Id.* ¶¶ 35–38.) The agents and Mr. Mahdawi were unable to board a flight, and he was lodged at Northwest State Correctional Facility in Swanton, Vermont. (*Id.* ¶¶ 39–42.)

Mr. Mahdawi's arrest was not unexpected, and his attorney was able to file the current habeas petition immediately after his arrest. (*See* Doc. 1.) The filing included an emergency motion for temporary restraining order ("TRO") seeking to prevent Mr. Mahdawi's removal from the District of Vermont, pending further order from the court. (Doc. 2.) Judge Sessions signed the ex parte TRO order on April 14, 2025, and it remains in effect. (Doc. 6.)

The court on its own motion extends the TRO for a period of 90 days or until dismissal of the case or issuance of a preliminary injunction, whichever is soonest. The purpose of extending the TRO is to preserve the court's jurisdiction to hear and decide the issues raised by both parties. These include Mr. Mahdawi's motion for release, scheduled for hearing on April 30, 2025, and the briefing on the Government's motion to dismiss that extends through mid-May with a hearing date to be set.

As a practical matter, Mr. Mahdawi's presence at these hearings is necessary for the court and for his attorneys. The court anticipates that testimony from Mr. Mahdawi may be necessary at the hearing on detention or release and, if release on conditions is justified, the court will engage with Mr. Mahdawi in person on these issues. It is too early to tell the shape and scope of hearings that may follow a ruling on the Government's motion to dismiss, but it is reasonable to anticipate that Mr. Mahdawi's attendance at these hearings will be necessary too.

As a legal matter, Mr. Mahdawi's current detention in Vermont provides the jurisdictional basis for his habeas petition. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the districts courts and any circuit judge within their respective jurisdictions."). Section 2242 of Title 28 of the U.S. Code imposes the same requirement regarding naming of the immediate custodian: "[The petition] shall allege . . . the name of the person who has custody over him and by virtue of what claim or authority, if known." These provisions have long been understood to limit the jurisdiction of the district courts to "those petitioners who are confined or detained within the territorial jurisdiction of the court." *Ahrens v. Clark*, 335 U.S. 188, 192 (1948); *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core

habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

The involuntary removal of a petitioner does not terminate habeas jurisdiction in all cases. *See Ex Parte Endo,* 323 U.S. 283, 307 (1944) ("[The] objective [of habeas corpus] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court."). But removing the petitioner certainly raises issues that are not present when the petitioner remains within the district. In the similar case of *Ozturk v. Trump*, No. 25-cv-374, 2025 WL 1145250 (D. Vt. Apr. 18, 2025), the Government opposed jurisdiction in the District of Vermont after the petitioner, also a foreign student, was transported to Louisiana following filing of a habeas proceeding in the District of Massachusetts (which transferred the case to Vermont). *See* Respondent's Supplemental Opposition to Petitioner's Amended Petition, ECF 83. This case does not feature the same dispute over whether it has been filed in the district of confinement. It was. Enjoining removal of Mr. Mahdawi from Vermont is necessary to prevent disputes about territorial jurisdiction, transfer to another court, immediate custodian, and other issues that may arise in the case of involuntary movement of a petitioner between states.

## Conclusion

The court ORDERS that the temporary restraining order issued on the date of Mr. Mahdawi's arrest is extended for a period of 90 days or until dismissal of this case or grant of a preliminary injunction, whichever is earliest. The court orders that no respondent, including any

3

agent or employee, shall remove Mr. Mahdawi from Vermont without further order from this court.

Dated at Burlington, in the District of Vermont, this 23rd day of April, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court