IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MOHSEN MAHDAWI,<br><br>*Petitioner*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; PATRICIA HYDE, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director of Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his official capacity as Secretary of State; and PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>*Respondents*. | Case No. 2:25-cv-00389 |

**MOTION FOR FURTHER ORDER PURSUANT TO
THE COURT'S APRIL 30, 2025, OPINION AND ORDER**

Petitioner Mohsen Mahdawi, by counsel, respectfully moves this Court for a further order as to the conditions of his release, as provided in the Court's April 30, 2025, Order (Dkt. No. 54) ("the Order"), to ensure that he can safely travel from this District to, and from, New York City for a ten-day trip, from May 15 to May 25, 2025, to attend his graduation ceremonies, meet with his lawyers, and for other purposes identified in detail below. Petitioner's counsel conferred with Respondents' counsel on May 12, 2025, who indicated that he cannot take a position at this time but will inform the Court and parties in a timely manner.

## BACKGROUND

On April 15, 2025, Mr. Mahdawi attended his naturalization interview in Vermont, where Respondents apprehended him on the basis of his lawful speech. On April 30, 2025, this Court granted Mr. Mahdawi immediate release from detention on his own recognizance, pending adjudication of his habeas petition, and subject to certain, limited conditions. Pursuant to the Court's Order, Mr. Mahdawi "is permitted to travel to New York State for educational purposes or to meet with his lawyers *or as otherwise ordered by the court*." (Dkt. No. 54, at 28) (emphasis added).

Mr. Mahdawi is scheduled to graduate from Columbia University on May 19, 2025, and attend a commencement ceremony on May 21, 2025, and has other additional convenings surrounding graduation and related to his education and constitutionally-protected activism taking place in the days before and after those events. Additionally, much of Mr. Mahdawi's legal team is located in New York City, and Mr. Mahdawi will need to attend meetings at the offices of various legal team members. Finally, Mr. Mahdawi also occupies a university-owned apartment in New York City, but will be required to move into new university housing in the coming weeks.

As such, Mr. Mahdawi hopes to travel to New York City, consistent with this Court's instructions and without fear of re-detention, to attend these events, obligations, and ancillary activities, as more specifically outlined below.

## MEMORANDUM OF LAW

Mr. Mahdawi respectfully moves for a further order pursuant to the Court's April 30, 2025, Opinion and Order regarding the conditions of his release to ensure both his and, importantly, Respondents' full compliance with this Court's terms and expectations during a forthcoming trip to New York State from May 15 to May 25, 2025. During this period, Mr. Mahdawi plans to attend his graduation and commencement ceremonies and related events, move his personal belongings out of his apartment and into a new apartment, and meet with his lawyers. He also has been invited

to attend several other events related to his education and commemorating his graduation at Columbia University, including events hosted by his scholarship program and professors. In addition to these events, and aside from attending meetings with his lawyers at their offices and elsewhere in keeping with the Order, during the ten-day period that Mr. Mahdawi plans to be in New York City, he also has other plans related to his education and constitutionally-protected activism, including meeting with elected officials, speaking with and being interviewed by members of the press and media, speaking at public events, attending protests, attending social engagements (including meals, graduation celebrations, and other gatherings), running miscellaneous errands (including shopping for groceries, clothing, cleaning supplies, and furnishings), exercising outside of his apartment, and attending medical appointments.

Although Mr. Mahdawi understands his planned trip to New York for educational and legal purposes to be well within the terms of his release as set forth in the Court's April 30 Order, in keeping with the Order contemplating permission to travel to New York State for additional purposes "otherwise ordered by the Court," Mr. Mahdawi hereby seeks a further order from the Court, to ensure that all parties understand and comply with the conditions of his travel to and from Vermont and his stay in New York State.

Additionally, at the April 30, 2025, hearing, the Court stated that, when traveling to New York City for approved purposes, Mr. Mahdawi "can pass through the states that are needed for that–for those visits." (Apr. 30, 2025, Tr. at 40:3–4). While Petitioner believes this part of the Court's order as delivered from the bench is both clear and binding, the Court in its discretion may wish to include identical or similar language in the further order Petitioner seeks here pursuant to the April 30 Order.[1]

---

[1] Although oral orders have the same force as written orders, *see, e.g.*, *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (litigant can be held in contempt for violating oral

3

## PROPOSED ORDER

Petitioner respectfully requests that the Court enter the following order, as contemplated in and pursuant to (but without displacing or superseding) its earlier April 30 Order:

> Consistent with and in addition to the conditions of his release on his personal recognizance ordered by this Court on April 30, 2025, ECF 54, Mr. Mahdawi is permitted to travel to New York State on or about May 15, 2025, returning to Vermont on or about May 25, 2025, in order to attend his graduation ceremony at Columbia University and related events. During his time in New York State, Mr. Mahdawi is permitted to move freely and conduct his daily activities normally including, but not limited to, meeting with elected officials, speaking with and being interviewed by members of the press and media at various indoor and outdoor locations, speaking at public events, attending protests, attending social engagements (including meals, formal and informal graduation celebrations, and other gatherings), running miscellaneous errands, exercising outside of his apartment, shopping, and attending medical appointments, provided that such activities do not otherwise violate the conditions of his release set forth in this Court's April 30 Order. While traveling to or from New York State, Mr. Mahdawi is permitted to pass through any states in the path of his travel and to make any temporary stops he or any travel companions may deem necessary.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter a further order, as contemplated in and pursuant to its April 30 Order, and as proposed herein.[2]

---

order of court); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 n.7 (11th Cir. 1993) ("Oral orders are just as binding on litigants as written orders."), the government has recently argued to the contrary, *J.G.G. v. Trump*, No. 25-cv-766 (JEB), 2025 WL 1119481, at *15 (D.D.C. Apr. 16, 2025).

[2] For the Court's awareness, Petitioner also represents that he is likely to plan additional trips to New York State over the summer, including to finalize outstanding academic work and to prepare for the start of his graduate program in the fall. Should those trips benefit from further order of the Court, Petitioner will so request at a later time.

Dated: May 12, 2025
Burlington, Vermont

Respectfully submitted,

/s/ Lia Ernst
Monica H. Allard
Hillary A. Rich
**ACLU FOUNDATION OF VERMONT**
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org

Nathan Freed Wessler*
Brett Max Kaufman*
Brian Hauss*
Esha Bhandari*
Noor Zafar*
Sidra Mahfooz*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

Ramzi Kassem***
Naz Ahmad***
Mudassar Hayat Toppa***
Shezza Abboushi Dallal*
**CLEAR PROJECT**
**MAIN STREET LEGAL SERVICES, INC.**
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

Andrew B. Delaney
**MARTIN DELANEY & RICCI LAW GROUP**
100 North Main Street
Barre, Vermont 05641
andrew@mdrvt.com
P: 802-479-0568

Luna Droubi*
Matthew Melewski*
**BELDOCK LEVINE & HOFFMAN LLP**
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com
mmelewski@blhny.com

Cyrus D. Mehta*
David A. Isaacson
**CYRUS D. MEHTA & PARTNERS PLLC**
One Battery Park Plaza, 9th Floor
New York, New York 10004
P: 212-425-0555
F: 212-425-3282
cm@cyrusmehta.com

*Attorneys for Petitioner*

*Pro Hac Vice
***Pro Hac Vice application forthcoming

5