UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

MOHSEN MAHDAWI,

                    Petitioner,

v.

DONALD J. TRUMP, et al.,

                    Respondents.

No. 2:25-cv-389

**RESPONDENTS' RESPONSE TO MOTION FOR FURTHER ORDER**

On April 30 this Court granted Petitioner's motion for release under *Mapp v. Reno*, rejecting the government's arguments that: the Court lacked habeas jurisdiction over this matter; *Mapp v. Reno* did not authorize release; and that release would constitute unwarranted judicial involvement in the nation's foreign policy. Respondents continue to object to Mahdawi's release for the reasons previously stated.

Respondents also object to Mahdawi's request to spend 10 days in New York City. This Court recognized the importance of Mahdawi residing and being present in Vermont in asserting jurisdiction, continuing the Temporary Restraining Order, ECF No.38, at 7, and granting release under *Mapp*, ECF No.54, at 23. Indeed, the Court's release order was conditioned on his continuing to reside in Vermont, subject to limited exceptions. ECF No. 54, at 28.

Importantly, Mahdawi continues to be subject to removal proceedings and, therefore, the government has a heightened interest in knowing his location. This is especially so because, as noted previously, Mahdawi is removable because the Secretary of State has determined pursuant to 8 U.S.C. § 1227(a)(4)(C)(i) that Mahdawi's presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States. The Secretary

1

further certified, pursuant to 8 U.S.C. § 1227(a)(4)(C)(ii) that Mahdawi's presence or activities would compromise a compelling foreign policy interest. *See* ECF No. 42-1. Having exercised the authority vested in him by Congress, the Secretary's determination is entitled to a presumption of regularity. Under these circumstances, by asking for a 10-day, unimpeded, trip to New York City for reasons unrelated to educational or attorney consultation purposes Petitioner is abusing the Court's latitude and inviting the Court to further second-guess the foreign policy determination of the political branches.

    Finally, it bears emphasis that Petitioner is not immune from arrest and prosecution should he violate any local, state, or federal law, including, for example, laws relating to the unlawful possession of firearms as well as maintaining and carrying alien registration documents, and updating immigration officials when there is a change in residence. *See, e.g.,* 18 U.S.C. § 922(g)(5), 8 U.S.C. §§ 1302-1306.

                                                        Respectfully submitted,

Dated: May 13, 2025                    By:    */s/ Michael P. Drescher*
                                                           Michael P. Drescher
                                                           Assistant United States Attorney
                                                           District of Vermont