# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| MOHSEN MAHDAWI, <br><br> *Petitioner,* <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; PATRICIA HYDE, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director of Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his official capacity as Secretary of State; and PAMELA BONDI, in her official capacity as Attorney General of the United States, <br><br> *Respondents.* | Case No. 2:25-cv-00389 |

**PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Petitioner Mohsen Mahdawi, by and through his undersigned attorneys, requests that Respondents produce the documents described in Schedule A (the "Requests"), in accordance with the definitions and instructions set forth in Schedule B, for inspection and copying by electronic delivery to Luna Droubi, Beldock, Levine & Hoffman LLP, 99 Park Avenue, New York, N.Y. 10016, at ldroubi@blhny.com, within 14 days of service of the request.

Dated: June 11, 2025          Respectfully submitted,
        Burlington, Vermont

/s/ Lia Ernst                 Andrew B. Delaney
Monica H. Allard              **MARTIN DELANEY & RICCI LAW**
Hillary A. Rich               **GROUP**
**ACLU FOUNDATION OF**        100 North Main Street
**VERMONT**                   Barre, Vermont 05641
P.O. Box 277                  andrew@mdrvt.com
Montpelier, VT 05601          P: 802-479-0568
P: (802) 223-6304
lernst@acluvt.org

Nathan Freed Wessler*         Luna Droubi*
Brett Max Kaufman*            Matthew Melewski*
Brian Hauss*                  **BELDOCK  LEVINE  &  HOFFMAN**
Esha Bhandari*                **LLP**
Michael Tan*                  99 Park Avenue, PH/26th Floor
Noor Zafar*                   New York, New York 10016
Sidra Mahfooz*                P: (212) 277-5875
**AMERICAN CIVIL LIBERTIES**  F: (212) 277-5880
**UNION FOUNDATION**          ldroubi@blhny.com
125 Broad Street, 18th Floor  mmelewski@blhny.com
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

**CLEAR PROJECT**             Cyrus D. Mehta*
**MAIN STREET LEGAL SERVICES, INC.**  David A. Isaacson
Ramzi Kassem***               **CYRUS  D.  MEHTA  &  PARTNERS**
Naz Ahmad***                  **PLLC**
Mudassar Hayat Toppa***       One Battery Park Plaza, 9th Floor
Shezza Abboushi Dallal*       New York, New York 10004
CUNY School of Law            cm@cyrusmehta.com
2 Court Square, 5th Floor     disaacson@cyrusmehta.com
Long Island City, NY 11101    P: 212-425-0555
Tel.: (718) 340-4558          F: 212-425-3282
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

                              *Attorneys for Petitioner*

                              *Pro Hac Vice

                              ***Pro Hac Vice application forthcoming

1

## SCHEDULE A

1.      All Documents and Communications concerning the planning, execution, and implementation of the decision to take any adverse action against Petitioner, including the investigation, arrest, transfer (or attempted transfer), and detention of Petitioner, including:

   a.  All Documents and Communications concerning the decision to schedule Petitioner for a citizenship interview and to detain him at that interview.

   b.  All Documents and Communications concerning the decision to transfer/transport Petitioner out of Vermont.

   c.  All Documents and Communications concerning the booking of flights to transport Petitioner out of Vermont.

2.      All Documents and Communications concerning Executive Order 14161 and Executive Order 14188 and its accompanying fact sheet, including:

   a.  All Documents and Communications referencing Petitioner or Columbia University pursuant to Section 3(a) of Executive Order 14188.

   b.  All Documents or Communications references Petitioner pursuant to Section 2(b) of Executive Order 14161.

3.      All Documents and Communications concerning the Rubio Memorandum, including:

   a.  All Documents and Communications attached to or related to the Rubio Memorandum, or that form the basis of the Rubio Memorandum.

   b.  The "information provided by DHS/ICE/HSI" referenced in the Rubio

2

Memorandum and the "[a]ttachments," including a "DHS Letter on Mohsen Mahdawi" and an "HSI Subject Profile of Mohsen Mahdawi."

c. All Documents and Communications concerning the invocation of 8 U.S.C. § 1227(a)(4)(C) as to Petitioner or other individuals, including all other memoranda issued by Secretary of State Rubio concerning other individuals targeted as a consequence of their speech or expressive conduct related to Palestine or Israel.

d. All Documents and Communications that Respondents contend provided grounds for Secretary of State Rubio to believe that Petitioner's continued presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States.

e. Documents sufficient to show all information considered by Secretary of State Rubio in determining that Petitioner's continued presence or activities in the United States would compromise a compelling United States foreign policy interest.

f. All Documents and Communications concerning Petitioner's "past, current or expected beliefs, statements, or associations" considered by, presented to, or compiled for Secretary of State Rubio in creating, drafting and issuing the Rubio Memorandum.

g. Documents sufficient to show all information considered in determining that Petitioner's "past, current or expected beliefs, statements, or associations" are lawful, pursuant to 8 U.S.C. § 1227(a)(4)(C).

h. All Documents and Communications concerning the interpretation of 8 U.S.C. §

3

1227(a)(4)(C).

i.    All Documents and Communications concerning the notification to the chairmen of the Committees on the Judiciary and Foreign Affairs of the House of Representatives and of the Committees on the Judiciary and Foreign Relations of the Senate, regarding the determination under 8 U.S.C. § 1227(a)(4)(C)(iii).

4.    All Communications between Executive Branch Officials and foreign governments, foreign government officials, international organizations, non-governmental organizations, and other third-parties regarding Petitioner, and all Documents reflecting or referencing such Communications, including:

a.    All Documents concerning and Communications with Betar US, Canary Mission, and the Heritage Foundation concerning Petitioner.

b.    All Documents and Communications between Respondents and Columbia University regarding Petitioner.

5.    All Documents and Communications concerning policies or directives for identifying non-citizen student activists for detention and/or removal.

6.    All Documents and Communications produced by the defendants in discovery in *American Association of University Professors v. Rubio*, No. 25-cv-10685 (D. Mass.), including all responses to the plaintiffs' requests for production, interrogatories, and requests for admission.

7.    All Documents and Communications Respondents will offer in support of their arguments that Petitioner's claims should fail.

## SCHEDULE B

### Definitions

1.    "Petitioner" means Mohsen Mahdawi, whether referenced by name or A-number.

2.    "Respondents" means Donald Trump, in his official capacity as President of the United States; Patricia Hyde, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director Of Immigration And Customs Enforcement; Todd M. Lyons, in his official capacity as Acting Director For U.S. Immigration And Customs Enforcement; Kristi Noem, in her official capacity as Secretary Of The United States Department Of Homeland Security; Marco Rubio, in his official capacity as Secretary Of State; and Pamela Bondi, in her official capacity as Attorney General Of The United States.

3.    "Document(s)" means the documents and electronically stored information as defined in Fed. R. Civ. P. 34(a)(1), including all writings, correspondence, notes, books, memoranda, e-mails, computer print-outs, Internet web pages, invoices, contracts, drafts, purchase orders, receipts, pamphlets, publications, studies, reports, catalogs, periodicals, labels, packaging, displays, advertisements, promotional materials, photographs, slides, videotapes, films, artwork, drawings, sketches, illustrative materials, circulars, price lists, layouts, tear sheets, magnetic recording tapes, microfilms, computer disks, computer records or data, and other storage means by which information is retained in retrievable form, and all other materials, whether printed, typewritten, handwritten, recorded or reproduced by any mechanical or electronic process, including information stored on a computer hard drive.

4.    "Communication(s)" means the act or fact of any transmission, exchange or transfer of information, including the memorialization of meetings or agreements between or among any persons or entities, including letters, numbers, images, symbols, data, photographs, and sound by any means, including face-to-face, telephone conversations, letters, memoranda, notes, messages,

summaries, photographs, audiotapes, videotapes, electronic or computer mail or messages, voicemails, texts, documents, or other writing materials. Communication(s) as defined herein includes the term "document(s)" as defined above.

5.    "Petition" refers to the Petition for a Writ of Habeas Corpus filed by Petitioner on April 14, 2025 (ECF No. 1).

6.    "Rubio Memorandum" means the Memorandum for the Secretary of Homeland Security, from Marco Rubio, dated March 15, 2025 (ECF No. 42-1).

7.    The word "including" means "including, but not limited to."

8.    The use of present tense includes past tense, and vice versa.

9.    The use of the singular form of any word includes the plural and vice versa.

### Instructions

The following instructions apply to the Requests above and should be considered as part of each Request:

1.    Unless otherwise indicated, the time period covered by these Requests is January 20, 2025 to present, and shall include all documents prepared, sent, dated, received, or used at any time during that period, and shall also include all documents which relate in whole or in part to such period. If the date to which a document relates cannot be determined, the document shall be produced if otherwise responsive to the Requests.

2.    If Respondents object to any portion of any request, Respondents should identify the portion to which they object, state the basis for the objection, and respond to the remainder.

3.    These Requests are intended to cover all documents in the possession of, or subject to the custody or control of Respondents, regardless of the location of such documents, including documents in the possession, custody, or control of each of Respondents' agents, employees, officers, directors, representatives, attorneys, advisors, consultants, or contractors.

6

4.      In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents that are segregated or separated from other documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that format. Documents shall be produced in the order and form in which they are maintained. Documents shall be produced with a legend that indicates the particular Respondent producing the document.

5.      Electronically stored information ("ESI") is to be produced in its native electronic form, with all system and imbedded metadata intact. In addition, ESI is to be produced as TIFF images, with the exception of source code, audio, video, and spreadsheet-type files (including, without limitation, Microsoft Excel or CSV files), which shall be produced in native format. All ESI shall be produced with a delimited database load file.  Documents shall not be converted to any other format, including without limitation, .pdf or .TIFF format, that in any way limits, destroys, modifies, or restricts system or imbedded metadata. If a document is maintained in both electronic and non-electronic form, the electronic form of the document is to be produced in its native electronic form, with all system and imbedded metadata intact.

6.      If any document or any portion thereof responsive to any request has been discarded, destroyed, or redacted, in whole or in part, state: (i) the date the document was discarded or destroyed; (ii) the reason the document was discarded or destroyed; (iii) the person who discarded or destroyed the document; and (iv) where the document was maintained prior to its destruction.

7.      In responding to these Requests, make a diligent search of any and all Documents that are in the possession, custody or control, or otherwise available to each of the Respondents and furnish all Documents available to Respondents. If there are no Documents responsive to any particular Request, state so in writing.

8.      With respect to each request for which a claim of privilege or work product

immunity is asserted, in whole or in part, abide by any stipulation and/or order regarding the withholding of privileged information. If no such stipulation or order has been agreed to or entered, produce as much of the document concerned as to which no claim of privilege or work product immunity is made. With respect to documents or portions of documents for which a claim of privilege or work product immunity is asserted, provide a privilege log containing all information required by Federal Rule of Civil Procedure 26(b)(5) to support the application of any privilege or immunity, including: (i) all author(s) and recipient(s) of the communication, information, or document; (ii) the date of the communication, information, or document; (iii) the identity of any enclosure(s) or attachment(s); (iv) the type of the communication, information, or document (e.g., letter or memorandum); (v) the subject matter of the communication, information, or document; and (vi) the ground upon which the communication, information, or document is withheld from production, including all facts constituting the basis for withholding the Document in sufficient detail to permit the Court to adjudicate the validity of the claim. Provide the same information referenced above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production.

9.      In these Requests, including the definitions set forth above, references to any entity include the entity and any Person or entity under its control, including any present and former subsidiaries, predecessors, successors, officers, directors, agents, employees, members, attorneys (both in-house and outside attorneys), shareholders, partnerships, general and limited partners thereof and any aliases, code names, or trade or business names used by any of the foregoing.

10.      In these Requests, including the definitions set forth above, references to any individual include the individual and any Person or entity under that individual's control, including all present and former subsidiaries, predecessors, successors, officers, directors, agents, employees, members, attorneys (both in-house and outside attorneys), shareholders, partnerships, general and

limited partners thereof and any aliases, code names, or trade or business names used by any of the foregoing.

11.     None of the Requests set forth above should be construed as an admission as to any legal or factual matter in dispute between the parties.

12.     Notwithstanding anything to the contrary herein, each word, term, or phrase in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Civil Rules.

13.     These Requests seek all versions of the Documents and Communications, including drafts and superseded versions;

14.     These Requests are continuing in nature. Respondents are obligated to supplement their responses to include information and documents acquired or discovered after the date of their initial response.

**CERTIFICATE OF SERVICE**

I, _____, hereby certify that I caused a true and correct copy of the foregoing

Petitioners' First Requests for Production of Documents to be served on _____2025, by

electronic mail on the following:

Michael Drescher
Assistant United States Attorney
District of Vermont
michael.drescher@usdoj.gov

Dated: _____, 2025                    /s/ _____

10