# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

MOHSEN MAHDAWI,

                *Petitioner,*

    v.

DONALD J. TRUMP, in his official capacity as President of the United States; PATRICIA HYDE, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director of Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his official capacity as Secretary of State; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

                *Respondents.*

Case No. 2:25-cv-00389

## PETITIONER'S FIRST SET OF INTERROGATORIES

Petitioner Mohsen Mahdawi, by and through his undersigned attorneys, hereby submits the following Interrogatories set forth in Schedule A, to be answered in writing and under oath by Respondents in accordance with the definitions and instructions set forth in Schedule B, within 14 days of service of the request.

Dated: June 11, 2025                    Respectfully submitted,
      Burlington, Vermont


/s/ Lia Ernst                          _____
Monica H. Allard                       Andrew B. Delaney
Hillary A. Rich                        **MARTIN DELANEY & RICCI LAW**
**ACLU FOUNDATION OF**                 **GROUP**
**VERMONT**                            100 North Main Street
P.O. Box 277                           Barre, Vermont 05641
Montpelier, VT 05601                   andrew@mdrvt.com
P: (802) 223-6304                      P: 802-479-0568
lernst@acluvt.org


Nathan Freed Wessler*                  Luna Droubi*
Brett Max Kaufman*                     Matthew Melewski*
Brian Hauss*                           **BELDOCK  LEVINE  &  HOFFMAN**
Esha Bhandari*                         **LLP**
Michael Tan*                           99 Park Avenue, PH/26th Floor
Noor Zafar*                            New York, New York 10016
Sidra Mahfooz*                         P: (212) 277-5875
**AMERICAN CIVIL LIBERTIES**           F: (212) 277-5880
**UNION FOUNDATION**                   ldroubi@blhny.com
125 Broad Street, 18th Floor           mmelewski@blhny.com
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org


**CLEAR PROJECT**                      Cyrus D. Mehta*
**MAIN STREET LEGAL SERVICES, INC.**   David A. Isaacson
Ramzi Kassem***                        **CYRUS  D.  MEHTA  &  PARTNERS**
Naz Ahmad***                           **PLLC**
Mudassar Hayat Toppa***                One Battery Park Plaza, 9th Floor
Shezza Abboushi Dallal*                New York, New York 10004
CUNY School of Law                     cm@cyrusmehta.com
2 Court Square, 5th Floor              disaacson@cyrusmehta.com
Long Island City, NY 11101             P: 212-425-0555
Tel.: (718) 340-4558                   F: 212-425-3282
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

                                       *Attorneys for Petitioner*

                                       *Pro Hac Vice

                                       ***Pro Hac Vice application forthcoming

                                       1

**SCHEDULE A**

1.      Identify all Executive Branch officials involved in or responsible for the decision to investigate, arrest, transfer (or attempt to transfer), detain, and attempt removal of Petitioner.

2.      Identify all Executive Branch officials involved in and responsible for the decision to punish noncitizens, including Petitioner, for their speech and expressive conduct related to Palestine and Israel.

3.      Identify all Executive Branch officials involved in creating, drafting, and issuing the Rubio Memorandum.

4.      Identify all noncitizens targeted pursuant to 8 U.S.C. § 1227(a)(4)(C) after January 20, 2025.

5.      Identify all factors, records, and information that were considered by the Secretary of State in determining that Petitioner's continued presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States.

6.      Identify all factors, records, and information that were considered by the Secretary of State in personally determining that Petitioner's continued presence or activities in the United States would compromise a compelling United States foreign policy interest.

7.      Identify all of Petitioner's "past, current or expected beliefs, statements, or associations" considered by, presented to, or compiled for Secretary of State Rubio in creating, drafting and issuing the Rubio Memorandum.

8.      Identify all factors, records, and information that were considered in invoking 8 U.S.C. § 1227(a)(4)(C) as to Petitioner or others since January 20, 2025.

9.      State whether you notified the chairmen of the Committees on the Judiciary and

2

Foreign Affairs of the House of Representatives and of the Committees on the Judiciary and Foreign Relations of the Senate, regarding the determination under 8 U.S.C. § 1227(a)(4)(C)(iii), and if so identify the date and any documents submitted pursuant to that notification.

10.    State whether Executive Branch officials communicated with any foreign governments, foreign government officials, international organizations, non-governmental organizations, or other third-parties regarding Petitioner, Columbia University, student protestors, or 8 U.S.C. § 1227(a)(4)(C), and identify all such individuals or entities that Executive Branch officials communicated with.

11.    Explain the process or method for identifying noncitizens for arrest, detention and/or removal.

12.    Explain the circumstances in which Respondents planned Petitioner's naturalization interview on April 14, 2025.

13.    Provide the date and time on which flights were booked to transport Petitioner out of Vermont.

## SCHEDULE B

### Definitions

1.      "Petitioner" means Mohsen Mahdawi, whether referenced by name or A-number.

2.      "Respondents" means Donald Trump, in his official capacity as President of the United States; Patricia Hyde, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director Of Immigration And Customs Enforcement; Todd M. Lyons, in his official capacity as Acting Director For U.S. Immigration And Customs Enforcement; Kristi Noem, in her official capacity as Secretary Of The United States Department Of Homeland Security; Marco Rubio, in his official capacity as Secretary Of State; and Pamela Bondi, in her official capacity as Attorney General Of The United States.

3.      "Petition" refers to the Petition for a Writ of Habeas Corpus filed by Petitioner on April 14, 2025 (ECF No. 1).

4.      "Rubio Memorandum" means the Memorandum for the Secretary of Homeland Security, from Marco Rubio, dated March 15, 2025 (ECF No. 42-1).

5.      The word "including" means "including, but not limited to."

6.      The terms "and," "or," "any," "all," and "each" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope.

7.      The use of present tense includes past tense, and vice versa.

8.      The use of the singular form of any word includes the plural and vice versa.

### Instructions

1.      Each Interrogatory must be answered by you in writing and under oath in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules.

2.      These Interrogatories are to be answered by you based on all information that is or

may be available to you (including agents and attorneys acting on your behalf), and not merely based on information within your personal knowledge. Any Interrogatory answer that is not based upon your personal knowledge should state the bases for the answer.

3.      If an Interrogatory asks for information that could have at some time been answered by consulting documents which are no longer in existence or are no longer in your custody, possession or control, then in your answer to such Interrogatory:

      a.      Identify what information the documents contained;

      b.      Identify all the documents which contained such information;

      c.      Provide the date when such documents ceased to exist or ceased to be in your custody, possession or control;

      d.      Provide the circumstances under which such documents ceased to exist or were transferred out of your custody, possession or control;

      e.      Identify all persons having knowledge of the circumstances under which such documents ceased to exist or were transferred out of your custody, possession or control; and

      f.      Identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

4. When the terms "identify," "define," "describe," or "description," or the phrase "describe in detail" are used in these Interrogatories, provide a full description and narrative account of the event, transaction, relationship, thing, or occurrence inquired into, and identify all specific communications, documents, dates, places, and persons involved. Provide the following information as the context requires:

      a.      When referring to a natural person, state his or her full name; present or last known address, telephone number(s), and e-mail address; position and business affiliation at

the time relevant to the Interrogatory response; and present or last known position and business affiliation;

      b.      When referring to a legal entity, provide its full legal name(s) both currently and at any time in the past, the address of its principal place of business, the state of its incorporation, the names of its principals, and the nature of its business;

      c.      When referring to a document, provide the following: type of document; author(s); addressee(s); recipient(s); date of the document; general subject matter; document or Bates numbers (if any); and current custodian of the document and its current whereabouts; and

      d.      When referring to a communication, state the identity of the persons making and receiving the communication; their respective principals or employers at the time of the communication; the date such communication was received and transmitted; the manner, and place of the communication; and the contents of the communication and all communications and documents referring thereto.

5.      When, after a reasonable and thorough investigation using due diligence, you are unable to answer any Interrogatory, or any part thereof, on the ground of lack of information available to you, provide an answer based on the information that is available to you. For those portions of the Interrogatory that you are unable to answer, describe why the information is not available to you and what has been done to locate the information. Do not leave any Interrogatory unanswered.

6.      Where an Interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to said Interrogatory comprehensible, complete, or not misleading, include such fact or facts as part of your answer.

7.      If you believe that any portion of an Interrogatory is ambiguous, do not use that as a

6

reason not to answer, rather state which portion you believe is ambiguous and provide the meaning used in answering.

8.    If you withhold any of the requested information on the basis of a claim of attorney-client privilege, work product immunity, or other legal privilege, provide (1) the source of the information; (2) the identity of all persons to whom the information was provided; (3) the identity of all persons who received any copy of the information; (4) the date of the information; (5) the subject matter of the information; (6) the type of information (e.g., discussion, meeting, memorandum, correspondence, notes, etc.); and (7) the basis for withholding the information with sufficient detail to allow the Court to make a determination on the claim of privilege.

9.    An objection or claim of privilege directed to a part or sub-part of any Interrogatory does not constitute an excuse for failure to respond to parts or sub-parts of that Interrogatory for which no objection or claim of privilege is made.

10.    If you object to any Interrogatory set forth herein, or part thereof, state the grounds of the objection with sufficient specificity to permit the Court to make a determination of the basis for the objection. If an Interrogatory is objected to in part, provide a complete answer to all portions of that Interrogatory not objected to.

11.    Each paragraph herein shall be construed independently and without reference to any other paragraph for the purpose of limitation.

12.    These Interrogatories are deemed continuing in nature and require you to supplement your answers if and when you obtain any further responsive information between the time of your answers hereto and the time of trial.

**CERTIFICATE OF SERVICE**

I, _____, hereby certify that I caused a true and correct copy of the foregoing

Petitioners' First Set of Interrogatories to be served on _____2025, by electronic mail on

the following:


Michael Drescher
Assistant United States Attorney
District of Vermont
michael.drescher@usdoj.gov


Dated: _____, 2025                          /s/ _____

8