**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

---

MOHSEN MAHDAWI,

*Petitioner*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; PATRICIA HYDE, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director of Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his official capacity as Secretary of State; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

*Respondents*.

Case No. 2:25-cv-00389

---

**MOTION FOR FURTHER ORDER MODIFYING**
**THE COURT'S APRIL 30, 2025 OPINION AND ORDER**

Petitioner Mohsen Mahdawi, by counsel, respectfully moves this Court for a modification of the conditions of his release, as provided in the Court's April 30, 2025 Order (Dkt. No. 54) ("the Order"), to allow for unrestricted travel within the United States to ensure that he can safely attend his immigration hearings, seek medical care, engage in protected advocacy, and travel between states with ease and without fear. Petitioner's counsel conferred with Respondents' counsel on July 3, 2025, who indicated their opposition to this motion.

1

**BACKGROUND**

On April 15, 2025, Mr. Mahdawi attended his naturalization interview in Vermont, where Respondents apprehended him on the basis of his lawful speech. On April 30, 2025, this Court granted Mr. Mahdawi immediate release from detention on his own recognizance, finding that Mr. Mahdawi had deep community ties in Vermont, was not a flight risk, was not a danger to the community, and that he had raised substantial claims that his detention violated his First Amendment rights. (Dkt. No. 54.) Pursuant to the Court's Order for release, Mr. Mahdawi has maintained residence in Vermont and has been "permitted to travel to New York State for educational purposes or to meet with his lawyers or as otherwise ordered by the court." (Dkt. No. 54, at 28).

Mr. Mahdawi's permanent address remains in Vermont. However, he has experienced difficulty seeking medical care, preparing for his master's program in New York City, shopping for personal items, and otherwise engaging in quotidian activities in his bistate locale (an area of Vermont bordering New Hampshire) due to the travel restrictions in his conditions of release. Mr. Mahdawi will also need to begin travelling to and from Chelmsford, Massachusetts to attend his immigration hearings. Additionally, following his detention, Mr. Mahdawi has received invitations for speaking engagements and advocacy opportunities across the country that he has had to decline to comply with the conditions of his release. As such, Mr. Mahdawi seeks to simplify and expand his conditions of release to allow for unrestricted, nationwide travel. This request is consistent with the conditions of release imposed upon similarly-situated petitioners, would conserve judicial resources by avoiding piecemeal modifications of this Court's April 30, 2025 Order, and would allow Mr. Mahdawi to exercise his First Amendment rights at their fullest extent.

**MEMORANDUM OF LAW**

This Court has already determined that Mr. Mahdawi is not a flight risk or a danger to the community. (Dkt. No. 54). Consistent with these determinations, Mr. Mahdawi respectfully moves

2

for an order modifying the Court's April 30, 2025, Opinion and Order to allow him to travel within the United States in an unrestricted manner. Modifying Mr. Mahdawi's conditions of release to remove restrictions on traveling within the United States would conform the conditions imposed upon him to those imposed upon similarly-situated petitioners, conserve judicial resources, prevent ambiguity, and protect Mr. Mahdawi's First Amendment interests in engaging in speech and advocacy nationwide on matters of public import.

Mr. Mahdawi's proposed modification to remove travel restrictions is in line with the conditions of release imposed on other, similarly situated student habeas petitioners. Rumeysa Öztürk, a Massachusetts-based graduate student detained by ICE on the basis of her lawful speech, was released by order of the United States District Court for the District of Vermont on bail pending adjudication of her habeas petition without travel restrictions. *Ozturk v. Trump*, 2:25-cv-00374-wks, Dkt. No. 131 (D. Vt. May 9, 2025) ("Petitioner is not subject to any travel restrictions.").[1]

Judicial resources would also be conserved by lifting travel restrictions on Mr. Mahdawi. Rather than require Mr. Mahdawi to petition the Court each time he seeks to enter New York for a purpose not enumerated by the Court's April 30, 2025 Order or each time he seeks to enter a different state, this Court could obviate the need for piecemeal modifications entirely by allowing Mr. Mahdawi to travel freely within the United States, restoring him to the status quo ante preceding his detention. Indeed, the government's previous opposition to Mr. Mahdawi's modest request for clarification on the April 30, 2025, Order demonstrates that any such request may require motion practice. (Dkt. No. 64.) Lifting travel restrictions within the United States would prevent the Court

---

[1] The Court required only that Ms. Öztürk, notify the Burlington Community Justice Center ("CJC") in advance of any overnight travel outside of New England, following which the CJC would notify a government contact. Dkt. No 141 (D. Vt. May 16, 2025). While Mr. Mahdawi does not believe any such condition is necessary in his case, he would, of course, willingly comply with a similar condition, should the Court wish to impose it.

from needing to adjudicate numerous motions relating to Mr. Mahdawi's travel plans. The fact remains that Mr. Mahdawi is neither a flight risk nor a danger to the community, as this Court has already determined, and the government has not demonstrated any reason that Mr. Mahdawi's travel need be restricted. Modifying Mr. Mahdawi's conditions of release to allow nationwide travel would be consistent with these determinations and would conserve judicial resources for more substantial disputes.

Finally, Mr. Mahdawi seeks to lift the travel restrictions to freely exercise his First Amendment rights in various fora across the country. Mr. Mahdawi hopes to continue to engage in speech on Palestinian rights, the very speech that he was punished for, in an unrestricted manner. Following Mr. Mahdawi's detention, advocacy organizations across the country, including in California, Washington, D.C., and Michigan, have invited Mr. Mahdawi to attend in-person events and join peacemaking and human rights advocacy efforts. At present, Mr. Mahdawi has declined the invitations to comply with the conditions of his release. But Mr. Mahdawi hopes to engage in such opportunities, nationwide, to support efforts to advocate for Palestinian rights and free speech. In order for Mr. Mahdawi to exercise his First Amendment rights of speech and association freely on matters of personal and public importance, travel restrictions should be removed as a condition of release.

At present, Mr. Mahdawi has current and imminent need for repeated travel free of restriction to New Hampshire, Massachusetts, New Jersey, Washington, D.C., and New York for purposes of receiving medical care, attending immigration proceedings, engaging in personal advocacy, and more, as detailed below.

These are jurisdictions to which Mr. Mahdawi has current or anticipated need for repeated travel to for these purposes as further detailed below.

4

*New Hampshire*

Mr. Mahdawi currently resides in White River Junction, Vermont, which borders New Hampshire. In the many years Mr. Mahdawi has lived in Vermont, he has also established roots and routines in the neighboring communities across the state border. For example, Mr. Mahdawi's medical provider and gym are across the border in Lebanon and Hanover, New Hampshire, as are all pharmacies in the area, and Mr. Mahdawi shops for clothes and household items in the major shopping centers located just minutes from his home in nearby New Hampshire. The communities of the Upper Valley region, in which White River Junction is located, straddle the New Hampshire-Vermont border, and Mr. Mahdawi has experienced difficulty conducting daily tasks and activities, shopping for necessary items, and seeking medical care without being able to enter New Hampshire.

*Massachusetts*

Mr. Mahdawi's pending immigration case is currently venued in Chelmsford, Massachusetts in the Chelmsford Immigration Court. As such, Mr. Mahdawi anticipates that he will need to travel to and from Massachusetts to appear in court and conduct activities ancillary to his immigration proceedings. His next immigration hearing is currently scheduled for September 2, 2025, and further hearings are expected thereafter.

*New Jersey*

In the course of traveling to and from New York, Mr. Mahdawi anticipates that he may fly in and out of the Newark Liberty International Airport in Newark, New Jersey. Mr. Mahdawi is also involved with peacebuilding initiatives led by Jewish and Palestinian communities that are based in New Jersey. Given these engagements, and the proximity and interconnectivity of New Jersey to the New York City area, Mr. Mahdawi hopes to be able to pass through New Jersey without restriction.

*Washington, D.C.*

Mr. Mahdawi hopes to continue speaking on matters of public interest and personal importance during the pendency of his habeas petition, including in the nation's capital. Mr. Mahdawi has previously been invited to testify in front of Congress to speak about his detention, and many of the advocacy efforts he hopes to involve himself with are based in Washington, D.C. As such, Mr. Mahdawi seeks to travel to and from Washington, D.C. without restriction.

*New York*

As Mr. Mahdawi prepares to matriculate into his master's program at Columbia University in fall of 2025, he anticipates that he will need to travel to New York for ancillary purposes, such as securing housing. Mr. Mahdawi has also historically engaged in First Amendment protected activity for Palestinian rights in New York City, and hopes to be able to travel to the city to continue that advocacy. Rather than require Mr. Mahdawi to request an order clarifying the scope of his acceptable visits to New York, Mr. Mahdawi requests that he be allowed unrestricted travel to and from New York.

**PROPOSED ORDER**

Petitioner respectfully requests that the Court enter the following order, as contemplated in and pursuant to its earlier April 30, 2025 Order:

> This Order modifies the conditions of Mr. Mahdawi's release on personal recognizance ordered by this Court on April 30, 2025, ECF 54. Mr. Mahdawi is heretofore permitted to travel freely within the United States, and all prior domestic travel restrictions are lifted.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court enter a further order, as contemplated in and pursuant to its April 30 Order, and as proposed herein.

Dated:       July 3, 2025       Respectfully submitted,
               Barre, Vermont

/s/ Lia Ernst
Monica H. Allard
Hillary A. Rich
**ACLU FOUNDATION OF
VERMONT**
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org

Nathan Freed Wessler*
Brett Max Kaufman*
Brian Hauss*
Esha Bhandari*
Noor Zafar*
Sidra Mahfooz*
**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

Ramzi Kassem***
Naz Ahmad***
Mudassar Hayat Toppa***
Shezza Abboushi Dallal*
**CLEAR PROJECT**
**MAIN STREET LEGAL SERVICES, INC.**
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

Andrew B. Delaney
**MARTIN DELANEY & RICCI LAW
GROUP**
100 North Main Street
Barre, Vermont 05641
andrew@mdrvt.com
P: 802-479-0568

Luna Droubi*
Matthew Melewski*
**BELDOCK LEVINE & HOFFMAN
LLP**
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com
mmelewski@blhny.com

Cyrus D. Mehta*
David A. Isaacson
**CYRUS D. MEHTA & PARTNERS
PLLC**
One Battery Park Plaza, 9th Floor
New York, New York 10004
P: 212-425-0555
F: 212-425-3282

*Attorneys for Petitioner*

*Pro Hac Vice

***Pro Hac Vice application forthcoming

7