IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MOHSEN MAHDAWI,<br><br>   *Petitioner*,<br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; PATRICIA HYDE, in her official capacity as Acting Boston Field Office Director; Vermont Sub-Office Director of Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his official capacity as Secretary of State; and PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>   *Respondents*. | Case No. 2:25-cv-00389 |

**PETITIONER'S REPLY IN FURTHER SUPPORT OF PETITIONER'S MOTION FOR FURTHER ORDER MODIFYING THE COURT'S APRIL 30, 2025 OPINION AND ORDER**

  The Court should grant Petitioner Mohsen Mahdawi's motion to modify his conditions of release. Mr. Mahdawi is a graduate student who has never been charged with a crime, has raised substantial claims of First Amendment retaliation, and has been free on bail for over two months without incident. The government largely opposes modification of the conditions of his release by relitigating the basis for his detention. This argument should be rejected, and Mr. Mahdawi's rights should be restored to the status quo ante preceding his detention during the pendency of his habeas proceeding.

1

The government concedes that Mr. Mahdawi should be permitted to attend all immigration court hearings, which will be held in Massachusetts (although it is possible that some proceedings may be held on WebEx), and that he should be allowed to travel to Hanover and Lebanon, New Hampshire. (Gov't Opp. at 1 n.1, 3.) Petitioner has been authorized by the Court to travel to New York for specified purposes and throughout Vermont. (Doc. 54.) Therefore, on consent, Mr. Mahdawi should be entitled to travel to at least four states as well as the states that he must travel through in between.[1] The government also suggests it would be amenable to the Court allowing Mr. Mahdawi to travel to Washington D.C. for "lobbying/legislative purposes." (Doc. 83 at 2-3.)

The government opposes any further modification on the basis that the Secretary of State has determined that Mr. Mahdawi's presence in the United States is contrary to the foreign policy interests of the United States. (Doc. 83 at 3.) The government does not explain why this determination means Mr. Mahdawi can visit some states, but not others, or why this is anything other than a continuation of the government's attempt to restrict Mr. Mahdawi's First Amendment rights. The Court has already determined that Mr. Mahdawi has raised substantial claims that the government violated his First Amendment rights by detaining him in retaliation for his protected speech. (Doc. 54 at 20.) As such, this Court should not allow the government to prolong its infringement on Mr. Mahdawi's First Amendment rights, and the domestic travel restrictions on Mr. Mahdawi should be lifted. *See, e.g.*, *United States v. Arzberger,* 592 F. Supp. 2d 590, 600 (S.D.N.Y.

---

[1] As Mr. Mahdawi explained in his motion, he "anticipates that he will need to travel to New York for ancillary purposes, such as securing housing." (Dkt. No. 79 at 6.) Mr. Mahdawi is next scheduled to travel to New York on July 28, 2025, in order to move into new Columbia University housing for his graduate program, as well as to meet with his lawyers and address other personal affairs. Out of an abundance of caution, Mr. Mahdawi asks the court to address this motion before that scheduled trip, to ensure there is no dispute about whether this travel falls within the existing permission to travel to New York for "educational purposes." (Dkt. No. 54 at 28.)

2008) (finding that requested conditions of release on bail implicated arrestee's "substantial" liberty interests in free speech and interstate travel).

The conditions of release applied to others similarly detained in retaliation for their speech support Mr. Mahdawi's motion here. The government quibbles with Mr. Mahdawi's characterization of Rumeysa Öztürk as "similarly situated," (Doc. 83 at 2), but the only difference is that the government invoked a different subsection of the Immigration and Nationality Act as to her; in both cases, courts have found substantial grounds to conclude that their detention was in retaliation for protected speech in support of Palestinian human rights. *Compare* Opinion & Order at 17, 27, *Ozturk v. Trump*, No. 2:25-cv-374 (D. Vt. May 16, 2025) (Doc. 140) *with* Doc. 54 at 18-20. The release order for Dr. Badar Khan Suri, who was detained pursuant to the same statute as Mr. Mahdawi, and who a court found was likewise placed in detention in retaliation for his pro-Palestine speech, is also instructive. *See* Tr. of Bond Hr'g Proceedings 27-34, *Khan Suri v. Trump*, No. 1:25-cv-480 (E.D. Va. May 14, 2025). Dr. Khan Suri was ordered released subject only to the following conditions: "(1) Petitioner will reside in Virginia; (2) Petitioner will attend all court hearings in person unless excused by the Court; and (3) Petitioner will participate in his removal proceedings. Petitioner is **not** required to submit to any GPS monitoring." Order 2, *Khan Suri v. Trump*, No. 1:25-cv-480 (E.D. Va. May 14, 2025) (Doc. 65) (emphasis in original). Yunseo Chung's case provides further support for Mr. Mahdawi's request. The government targeted Ms. Chung under the same statutory provision used to target Mr. Mahdawi and with the same purported foreign policy concerns. A federal judge barred the government from detaining Ms. Chung nationwide, with no limitations on her ability to travel. *See* Order, *Yunseo Chung v. Trump*, 25 Civ. 2412 (NRB) (S.D.N.Y. June 5,

2025) (Doc. 57); Tr. of Hr'g 29:12-30:5, *Chung v. Trump*, 25 Civ. 2412 (NRB) (S.D.N.Y. June 5, 2025).[2]

The government contends that it has a "substantial interest" in knowing Mr. Mahdawi's location because he is subject to removal proceedings. (Doc. 83 at 3.) However, this is no different than the situation for thousands of others in removal proceedings, the overwhelming majority of whom are not detained or subject to travel limitations domestically. The government's only meaningful interest in Mr. Mahdawi's location is to ensure that Mr. Mahdawi attends his court hearings, and this Court has already determined that Mr. Mahdawi is not a flight risk. (Doc. 54 at 23.) Mr. Mahdawi has a proven history of compliance with court appearances and immigration appointments to support this determination—indeed that is how the government executed his unlawful detention in the first place, by arresting him at a United States Citizenship and Immigration Services appointment that Mr. Mahdawi attended despite suspecting that it was a ruse through which to detain him. (Doc. 19, at 3.)[3]

Any governmental interest in knowing Mr. Mahdawi's whereabouts at all times must be weighed against Mr. Mahdawi's liberty interests in free speech, association, and interstate travel. The government detained Mr. Mahdawi on the basis of the content of his speech.[4] This Court

---

[2] Although Ms. Chung was neither detained nor placed in removal proceedings prior to the court's issuance of a temporary restraining order, her ability to travel across the country without restriction despite the Secretary of State's determination that her presence in the United States is contrary to the foreign policy interests of the United States supports the reasonableness of Mr. Mahdawi's request here.

[3] Immigration provisions govern Mr. Mahdawi's continued obligation to attend hearings in his removal proceeding and report changes in his address to the Department of Homeland Security and the Executive Office of Immigration Review. Thus, independent of the conditions imposed by this Court, Mr. Mahdawi will continue to comply with those requirements, as required by 8 C.F.R. § 265.1 and 8 C.F.R. § 1003.15(d)(2).

[4] A lawful permanent resident is the "quintessential example" of a noncitizen who enjoys "broad constitutional protections." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 174 (3d Cir. 2018).

determined Mr. Mahdawi raised substantial First Amendment claims and ordered him released. (Doc. 54 at 20.) In relying on the Rubio Memorandum, the government continues to argue that Mr. Mahdawi's liberty should be restricted due to its disagreement with the content of his speech, which is not a legitimate government interest. (Doc. 83 at 2 (referencing the Rubio Memorandum's basis in Mr. Mahdawi's "leadership and involvement in" protests).) To the extent the government claims an interest in limiting Mr. Mahdawi's First Amendment protected activities, this argument is no more persuasive in this context, and the outcome should be the same.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter a further order modifying its April 30, 2025, release order to lift the domestic travel restrictions on Mr. Mahdawi.

Dated:    July 16, 2025    Respectfully submitted,
          S. Woodbury, Vermont

/s/ Lia Ernst
Lia Ernst                              Andrew B. Delaney
Monica H. Allard                       **MARTIN DELANEY & RICCI**
Hillary A. Rich                        **LAW GROUP**
**ACLU FOUNDATION OF**                 100 North Main Street
**VERMONT**                            Barre, Vermont 05641
P.O. Box 277                           andrew@mdrvt.com
Montpelier, VT 05601                   P: 802-479-0568
P: (802) 223-6304
lernst@acluvt.org

Nathan Freed Wessler*
Brett Max Kaufman*
Brian Hauss*
Esha Bhandari*
Noor Zafar*
Sidra Mahfooz*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

Ramzi Kassem***
Naz Ahmad*
Mudassar Hayat Toppa***
Shezza Abboushi Dallal*
**CLEAR PROJECT**
**MAIN STREET LEGAL SERVICES, INC.**
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

Luna Droubi*
Matthew Melewski*
**BELDOCK LEVINE & HOFFMAN LLP**
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com
mmelewski@blhny.com

Cyrus D. Mehta*
David A. Isaacson
**CYRUS D. MEHTA & PARTNERS PLLC**
One Battery Park Plaza, 9th Floor
New York, New York 10004
P: 212-425-0555
F: 212-425-3282

*Attorneys for Petitioner*

*Pro Hac Vice

***Pro Hac Vice application forthcoming