UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MOHSEN MAHDAWI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-389 |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER ON MOTION FOR MODIFICATION OF TERMS OF RELEASE**
**(Doc. 79)**

By order dated April 30, 2025, the court ordered the release of petitioner Mohsen Mahdawi on his personal recognizance. (Doc. 54.) The release order required Mr. Mahdawi to continue to reside in Vermont and restricted his travel to states other than New York, where he attends university. On May 14, 2025, the court amended the release order to allow for a broader range of activities within New York City as well as travel across the states between Vermont and New York. (Doc. 65.)

Petitioner returns to court seeking to amend his release order to allow travel throughout the United States. The Government opposes any change in these conditions with the exception of permitting travel to New Hampshire since the Upper Valley area of the two states comprises in many respects a single community. The Government also recognizes Mr. Mahdawi's need to attend proceedings in immigration court in Massachusetts.

The court GRANTS the motion to amend the conditions of release. Since Mr. Mahdawi's release on April 30, 2025, he has followed the court's orders. There has been no suggestion of a violation. During this period his immigration case has moved from Louisiana to Massachusetts, requiring additional travel. With the start of a new academic year in September,

Mr. Mahdawi will have responsibilities at Columbia University. In the absence of any information indicating that Mr. Mahdawi presents a risk of flight or a danger to the community, the removal of unnecessary restrictions on his movement within the United States is appropriate. As discussed in the court's initial order releasing Mr. Mahdawi on bail, immigration detention "has two regulatory goals: ensuring the appearance of [noncitizens] at future immigration proceedings and preventing danger to the community." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (cleaned up). The same is true for conditions of release. *See United States v. Witkovich*, 353 U.S. 194 (1957) (government cannot force a person to give INS information on political activities or associations as a condition of release; Attorney General was only entitled to request information necessary to facilitating the noncitizen's deportation); *Siminoff v. Esperdy*, 267 F.2d 705, 707 (2d Cir. 1959) (INS could not, as a condition of release, require noncitizens to provide 48 hours' notice of intent to leave New York City, as it was unduly burdensome and beyond what was necessary to ensure their availability for deportation). As the Government's opposition indicates, the real dispute concerns Mr. Mahdawi's plans to attend and speak at political events in the District of Columbia and across the United States. (See Doc. 82 at 2 ("Mahdawi . . . seeks to travel to Washington not only to 'testify in front of Congress,' but also to engage in other, unspecified, 'advocacy efforts he hopes to involve himself with.'").) The Government's position that, as a permanent resident, Mr. Mahdawi is subject to restrictions on free speech not imposed on citizens lies at the heart of the dispute in this case. These issues are presently on appeal, and the court will not expand on its previous statements. But for purposes of bail and release, the court will not restrict Mr. Mahdawi's right to express himself with the same freedom the Constitution guarantees to us all. There is no evidence that the speaking engagements and other events Mr. Mahdawi wishes to attend are evidence of a risk of flight or danger to the community.

These are the primary concerns of a court making a bail determination, and nothing before this court supports a finding that Mr. Mahdawi's proposal to travel and speak his mind about public issues presents a threat to either concern.

## Conclusion

Accordingly, the court modifies the conditions of Mr. Mahdawi's release as follows:

1. The restrictions previously imposed on travel are removed. Mr. Mahdawi is free to travel within the United States for all legal purposes.
2. Mr. Mahdawi is free to take part fully in his graduate studies in New York City and to spend the time required to make these a success.
3. Mr. Mahdawi shall continue to make Vermont his primary residence and shall attend federal and immigration court hearings and meetings with his attorneys as these are scheduled.

Dated at Burlington, in the District of Vermont, this 17th day of July, 2025.

Geoffrey W. Crawford, Judge
United States District Court